IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BENITA WILLIAMS,**

    **Plaintiff,**

                      **Case No. 2:20-cv-3782**
                      **Judge James L. Graham**
    v.                    **Magistrate Judge Elizabeth P. Deavers**

**ANNETTE CHAMBERS-SMITH,**
**et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court on the most recent Order in this case issued on December 29, 2020. (ECF No. 39.) For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against all Defendants **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**I.**

The circumstances and chronology of events leading up to this Report and Recommendation are well documented in the record. In the most recent order, the Undersigned set forth the following summary:

> Plaintiff, proceeding *pro se,* initiated this case on July 28, 2020, by filing an emergency motion for injunctive relief, unaccompanied by a Complaint or filing fee. (ECF No. 1.) By Order dated July 29, 2020, the Court directed Plaintiff to file a Complaint accompanied by the filing fee or a motion for leave to proceed *in forma pauperis*. (ECF No. 2.) By Order dated September 10, 2020, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis*, completed the initial screen allowing Plaintiff's claims to proceed, and advised Plaintiff of her need to submit copies of the Complaint and service documents for all Defendants she intended to have served by the United States Marshal. (ECF No. 9.) Because

1

> Plaintiff had submitted service documents for Defendants Chambers-Smith and Haines, the Clerk issued summons as to these Defendants. (ECF No. 11.) On October 19, 2020, Plaintiff filed an Amended Complaint. (ECF No. 20.) In an effort to clarify the nature of Plaintiff's claims as set forth over two filings totaling roughly 135 pages and because Plaintiff indicated in her Amended Pleading a need to "merge" her pleadings (*see* ECF 24 citing ECF 20), the Court directed Plaintiff to file a Second Amended Complaint, by Order dated October 30, 2020, at which time the Court would complete a screening as required by 28 U.S.C. § 1915. (ECF No. 24.)
>
> In the roughly two-month interim, rather than file a Second Amended Complaint as directed, Plaintiff has filed several motions including motions for reconsideration (ECF No. 25, 37), a notice of judicial bias (ECF No. 29); and motions for extensions of time, including the one at issue here. (ECF No. 28, 31, 36.) As the Court previously has indicated, however, this case cannot proceed on its merits until the Court has completed its screening of the Second Amended Complaint.

(ECF No. 39.)

The Undersigned also reiterated the Court's previous rulings on Plaintiff's repeated requests for copies of earlier filings in order to file her Second Amended Complaint, stating as follows:

> Plaintiff does not need copies of her complaint and amended complaint to prepare the second amended complaint ordered by the magistrate judge. Plaintiff's complaint and amended complaint included legal arguments and citations to cases and other authorities that do not need to be included in the second amended complaint. Fed. R. Civ. P. 8(a) requires only a short and plain statement of the claims being asserted showing that plaintiff is entitled to relief. Specific facts are not necessary. The statement need only give the defendants fair notice of what the claims are and the grounds upon which they rest. *See Golf Village N. LLC v. City of Powell, Ohio*, No. 19-3920, 2020 WL 5049364, at *4 (6th Cir. Aug. 270, 2020). Plaintiff knows the nature of her claims, and she is capable of providing a "short and plain statement" of those claims in a second amended complaint.

(ECF Nos. 26, 32, 39.)

Against this backdrop, the Undersigned granted, in part, Plaintiff's motion for an additional extension of time in which to file her Amended Complaint, indicating specifically:

2

Nevertheless, in the interest of justice and despite Plaintiff's threatened defiance noted above, the Court will grant Plaintiff one final brief extension of time, until **JANUARY 21, 2021**, to file her Second Amended Complaint. As the Court previously has stated, **the pleading shall not exceed 25 pages in length**. Additionally, no further extensions of time will be granted absent new and extraordinary circumstances not previously presented to the Court. Finally, Plaintiff's failure to file a Second Amended Complaint as directed **will** result in the recommendation that this action be dismissed for failure to prosecute.

(*Id.*)

The Undersigned had advised Plaintiff previously that her failure to file a Second Amended Complaint as directed may result in the dismissal of this action for failure to prosecute. (ECF No. 32.)

Plaintiff has not filed a Second Amended Complaint as ordered.

## II.

The Court's inherent authority to dismiss a plaintiff's action because of his or her failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. Nasco, Inc*., 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Walbash R. Co*., 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

3

>(4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (*citing K*noll, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id.* (quoting *Knoll*, 176 F.3d at 363).

### III.

Here, as explained above, the record demonstrates both delay and Plaintiff's contumacious conduct as evidenced by her stated intention to defy the Court's orders. (ECF No. 36 at 5-6.) Further, the Undersigned's two most recent orders (ECF Nos. 32 and 39) provided Plaintiff with adequate notice of the Court's intention to dismiss this action for failure to prosecute and supplied Plaintiff with reasonable periods of time for filing her Second Amended Complaint. Nevertheless, Plaintiff has failed to comply.

At the same time, the Undersigned recognizes both that Plaintiff is proceeding *pro se* and the general preference for the disposition of cases on their merits. *Turner v. Jarmon*, No. 3:17-CV-00236, 2019 WL 5686322, at *5 (M.D. Tenn. Oct. 11, 2019), *report and recommendation adopted*, No. 3:17-CV-00236, 2019 WL 5684505 (M.D. Tenn. Oct. 31, 2019). Balancing these factors with "'the Court's interest in sound judicial case and docket management,'" the Undersigned finds a dismissal without prejudice to be an appropriate sanction under the circumstances of this case. *Id*. (quoting *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 557 n.5 (6th Cir. 2004)). Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims against all Defendants **WITHOUT PREJUDICE** under Rule 41(b).

## IV. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  January 28, 2021                              /s/ *Elizabeth A. Preston Deavers*
                                                       ELIZABETH A. PRESTON DEAVERS
                                                       UNITED STATES MAGISTRATE JUDGE