IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Benita Williams,

        Plaintiff,

  v.                                     Case No. 2:20-cv-3782

Annette Chambers Smith,
et al.,

        Defendants.

## ORDER

This is an action which was filed by Benita Williams under 42 U.S.C. §1983 while she was an inmate incarcerated at the Ohio Reformatory for Women, alleging claims against several employees at the Reformatory. The original 61-page complaint was docketed on September 10, 2020. Doc. 10. A 74-page amended complaint asserting new claims against the defendants was filed on October 18, 2020. Doc. 20. The electronic docket indicates that time-stamped copies of these filed documents were mailed to plaintiff at the institution. The magistrate judge denied plaintiff's motion to receive additional free copies of her complaint and amended complaint from the clerk's office. See Docs. 15 and 19. On October 30, 2020, the magistrate judge ordered plaintiff to file a second amended complaint by November 20, 2020. Doc. 24. This order instructed plaintiff that the second amended complaint should include a short and plain statement of all of the claims in her previous complaints, and should not exceed 25 pages.

On November 4, 2020, this court issued an order denying plaintiff's motion for reconsideration of the orders denying her copies. Doc. 26. This court cited case authorities for the

proposition that an indigent prisoner proceeding pro se without access to this court's electronic docket is not entitled to unlimited copies of documents at the court's expense. The court concluded that plaintiff did not need copies of her complaint and amended complaint to prepare the second amended complaint ordered by the magistrate judge, as Fed. R. Civ. P. 8(a) requires only a short and plain statement of the claims being asserted showing that plaintiff is entitled to relief, and specific facts are not necessary. The court further noted that plaintiff knows the nature of her claims and that she would be capable of providing a "short and plain statement" of those claims in the second amended complaint of less than 25 pages as ordered by the magistrate judge. Doc. 26.

On November 13, 2020, plaintiff filed a notice of judicial bias, claiming that the magistrate judge's rulings denying her motions for free copies was due to bias. Doc. 29. On December 1, 2020, the magistrate judge issued an order construing plaintiff's notice of judicial bias as a motion for recusal and denied it. Doc. 32. On December 22, plaintiff filed a motion for reconsideration of the denial of her motion for recusal. Doc. 37. On February 1, 2021, the court issued an order denying plaintiff's motion for reconsideration of the magistrate judge's order denying the request for recusal. Doc. 44.

On November 25, 2020, the clerks office received a notice of change of address from plaintiff, which indicated that she had been released to a halfway house. Doc. 30. In the order of December 1, 2020, the magistrate judge also extended the deadline for filing a second amended complaint to December 31, 2020. Plaintiff was

advised that her failure to file an amended complaint could result in the dismissal of this action for failure to prosecute. On December 21, 2020, plaintiff filed a motion for an extension of time to file a second amended complaint. On December 29, 2020, the magistrate judge issued an order extending the due date for the amended complaint to January 21, 2021, again reminding plaintiff that the amended complaint should not exceed 25 pages, and that the failure to file an amended complaint would result in the action being dismissed for want of prosecution. Doc. 39. Plaintiff failed to file a second amended complaint.

On January 28, 2021, the magistrate judge issued a report and recommendation, noting that plaintiff had failed to file a second amended complaint. Doc. 40. The magistrate judge noted that Fed. R. Civ. P. 41(b) authorizes the involuntary dismissal of an action for failure to prosecute or to comply with rules of procedure or court orders, citing Chambers v. Nasco, Inc., 501 U.S. 32, 49 (1991) and Knoll v. AT & T, 176 F.3d 359, 363 (6th cir. 1999). The magistrate judge concluded that plaintiff's repeated failure to file a second amended complaint in defiance of the magistrate judge's orders demonstrated both delay and contumacious conduct, that plaintiff had been given reasonable extensions of time for filing the second amended complaint, and that plaintiff had been provided with adequate notice of the court's intention to dismiss the action for failure to prosecute. The magistrate judge recommended that the action be dismissed without prejudice for failure to prosecute.

In the order filed on February 1, 2021, the court noted that the report and recommendation was mailed a day prior to the clerk's

receipt on January 29, 2021, of plaintiff's notice of change of address. Doc. 41. This notice indicated that plaintiff is no longer at the halfway house and is living in the community. The clerk was directed to mail a copy of the report and recommendation to the new address, and the deadline for filing objections to the report and recommendation was extended to February 18, 2021.

This matter is now before the court on plaintiff's objection. Doc. 46. Although the objection was not received by the clerk until February 19, 2021, the court will consider it. In her objection, plaintiff reiterates the arguments she previously made about being entitled to free copies. As this court has previously noted, plaintiff is not entitled to free copies at the expense of the clerk's office. She also does not require free copies of her complaint and amended complaint to draft a short and plain statement of the nature of her claims. Plaintiff argues that she has not had sufficient time to prepare a second amended complaint. However, plaintiff was first directed to file an amended complaint on October 30, 2020, and was granted two extensions which basically allowed her three months to prepare and file a second amended complaint of less than 25 pages. Plaintiff had no problem submitting a 29-page objection to the report and recommendation in less than three weeks. She was also able to draft the initial 61-page complaint and the 74-page amended complaint. The court concludes that plaintiff's objection to the report and recommendation is not well taken and it is hereby denied. Plaintiff's request for leave to have access to the electronic filing system is moot.

In accordance with the foregoing, the court adopts the report

4

and recommendation (Doc. 40).  The court agrees with the finding of the magistrate judge that plaintiff's failure to comply with the orders of the magistrate judge, as established by the record, demonstrates both delay and contumacious conduct warranting dismissal of this action under Rule 41(b).  This action and plaintiff's claims against all defendants are dismissed without prejudice under Rule 41(b) for failure to prosecute.

Date: February 23, 2021                  s/James L. Graham
                                                 James L. Graham
                                                 United States District Judge